, CASE 14—PETITION ORDINARY—DECEMBER 20.

# Johnson's adm'r vs. Vickers.

APPEAL FROM THE HENDERSON CIRCUIT COURT.

1. There was, in 1858, no difference in the legal effect of a contract to pay *dollars*, and a more specific contract to pay the amount in *gold* or *silver*, each form of contract importing the same thing.

2. The payee of a note, dated and due in May, 1858, in which it is stipulated that the amount is to be paid in gold or silver, is entitled to no other judgment than that which would have been the only proper one on a note for dollars only.

F. H. DALLAM for appellant.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In an equitable proceeding between Johnson's administrator and creditors for marshaling assets, Vickers, the appellee, filed a petition, claiming judgment for gold or silver on the following note of the deceased intestate:

"One day after date I promise to pay John Vickers four hundred and twenty-two dollars, for value received of him this *May* the 15th, 1858.  This money is to be paid in gold or silver.                                WM. JOHNSON."

The notes of other intervening creditors were given simply for so many *"dollars."* And the circuit judge, in his judgment for distribution *pro rata*, adjudged to Vickers gold or silver, and refused to give the like judgment to any other creditor. This appeal by the administrator brings up for revision that judgment for Vickers.

On the day of the date of the note, and, consequently, on that of the payment of the note, nothing but gold or silver was a legal tender; and there was but little, if any, difference between the metallic and paper currency. The construction and the obligation of the contract must be determined by the law as it then existed. Under that law this court often and invariably decided that a contract simply to pay a specified sum in dollars, necessarily meant gold or silver dollars.

There was then, therefore, no difference in the legal construction and effect of a contract to pay dollars, and a more specific contract to pay the amount in gold and silver, each form of contract importing the same thing. And every judgment for money was rendered, of course, for the amount in dollars. But the creditor was bound to accept satisfaction in nothing else than as many dollars in gold or silver as adjudged in his favor in "dollars."

As, therefore, the legal effect of the contract in this case is precisely what it would have been without the super-addition of "gold or silver," Vickers was entitled to no other judgment than that which would have been the only proper one on a note for dollars only.

The tender act of Congress, if constitutional, cannot retroact on the contract so as to change its legal construction and effect. It is true that, although without that enactment, Vickers could not have been required to take any other medium than gold or silver in satisfaction of a judgment for dollars simply, yet, if that act be law, he might be compelled to take "greenbacks" at par. But this is ulterior and contingent, and does not affect the construction of his contract nor change the character of the only proper judgment on it for "dollars." The constitutionality of that act of Congress is not presented for judicial consideration on the appeal for changing the form of

the judgment, which was proper in this case, however the constitutional question may be finally settled. And this court has neither authority nor inclination to deviate from the judicial track and anticipate a solution by an ultra-judicial and void opinion.

Nor shall we intimate an opinion on the question whether, if that act be binding, and, therefore, makes prescribed paper currency as much money in law as gold or silver, a contract under it specifically for gold or silver might not be properly construed as an obligation to pay that specific kind of money in contradistinction from the other kind, and entitle the creditor to a special judgment in kind.

But, however that might be, as the contract in this case was constructively for "dollars," the only proper judgment would be for "dollars."

Wherefore, the judgment is reversed, and the cause remanded, for judgment according to the principles of this opinion.